IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | BK16-41395 |
| | ) | |
| HAPPY JACK'S PETROLEUM, INC. | ) | |
| | ) | CHAPTER 7 |
| Debtor(s). | ) | |

## **ORDER**

    This matter is before the court on an issue involved in Hansen's Petroleum Products, Inc.'s application for payment of super-priority expense (Fil. #177), response filed by Chapter 7 trustee Philip Kelly (Fil.#179), resistance filed by creditor Adams Bank & Trust (Fil. #182) and resistance filed by creditor Great Western Enterprises, Inc. (Fil. #183). Douglas Quinn represents Hansen's Petroleum Products, James Overcash represents Philip Kelly, and Robert Reynolds and Michael Samuelson represent Adams Bank & Trust and Great Western Enterprises, Inc.

    Before going to trial on Hansen's application for payment and the various objections, the parties entered into a stipulation asking this court to first address the effect of its prior order granting Hansen's a super-priority administrative expense claim. Specifically, the parties have asked the court to address "whether or not that super priority trumps or primes all other claims in the bankruptcy proceeding, in Chapter 7 and 11, and whether it trumps or primes the claims of secured creditors." (Fil. #279, ¶ 1). The parties have submitted briefs on this issue, which is a matter of law for the court to decide.

    This case presents what appears to be an issue of first impression for this court. That is, what effect, if any, does the conversion of a bankruptcy case from a Chapter 11 case to a Chapter 7 case have on the 11 U.S.C. § 364(c)(l) "super-priority" administrative claim of a Chapter 11 debtor in possession lender. Specifically, the court must decide if conversion to Chapter 7 subjects the "super-priority" status granted to the lender pursuant to § 364(c)(1) to the priority provisions of 11 U.S.C. § 726(b), thereby placing the administrative claims of the Chapter 7 Trustee above the lender's § 364(c)(1) claim. For the reasons that follow, the court finds that conversion does not impact the priority of a Chapter 11 super-priority claim granted under § 364(c)(1).

*Factual Background*

    The facts applicable to this issue are undisputed. Happy Jack's filed this Chapter 11 case on September 16, 2016. Subsequently, Happy Jack's filed a motion entitled "AMENDED MOTION BY DEBTOR FOR AUTHORITY TO INCUR DEBT WITH ADMINISTRATIVE EXPENSE PRIORITY OVER OTHER ADMINISTRATIVE EXPENSES (SUPER-PRIORITY) PURSUANT TO 11 U.S.C. §364(c)(1) AND TO GRANT LIEN" (Fil. #49). The stated purpose of the motion was to allow Happy Jack's to continue to obtain fuel on credit from Hansen's to sell to its customers. The amended motion was unopposed after notice and opportunity to object, and a text order (Fil. #55) was entered granting the amended motion.

On July 24, 2017, Happy Jack's filed a motion to convert the Chapter 11 case to Chapter 7 (Fil. #103) . The motion to convert case was unopposed and the bankruptcy case was converted to Chapter 7 on September 5, 2017 (Fil. #126). Phil Kelly was appointed Chapter 7 trustee.

On November 17, 2017, Hansen's filed an application for payment of its super-priority expense claim. Objections were filed by the Chapter 7 trustee, Adams Bank & Trust, Great Western Enterprises and Western Terminal Transportation. The court heard preliminary oral arguments and received evidence on the motion and objections on January 17, 2018. As a result of that hearing, the court issued a pretrial order requiring the parties to file a joint pretrial statement (Fil. #202). After further orders, a joint pretrial statement (Fil. #230) was filed by Hansen's, the trustee, Adams Bank and Great Western Enterprises.[1]

Trial was scheduled to take place on November 6, 2018. However, the trial was continued because on September 20, 2018, the parties filed a stipulation (Fil. #279) agreeing to bifurcate the legal issue regarding the effect of the order granting super priority to the claim of Hansen's Petroleum Products. Briefs have now been filed[2] in accordance with the stipulation and the issue is now ripe for consideration.

## *Discussion*

So-called "super priority" administrative expense claims are authorized by Bankruptcy Code § 364(c)(1), which provides:

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt —
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title . . . .

11 U.S.C. § 364(c)(1).

The various claims identified in § 503(b) are afforded administrative priority status by the Bankruptcy Code. Claims under § 507(b) are also entitled to administrative priority status under § 503(b). Therefore, § 364(c)(1) of the Bankruptcy Code is clear – the claim of a creditor created under § 364(c)(1) will have priority over every kind of administrative claim allowed under § 503(b).

---

[1] Western Terminal Transportation was barred from further participation in the proceeding due to its failure to join in the joint pretrial statement.

[2] Hansen's and Adams Bank were the only parties electing to submit briefs on this issue.

However, when a bankruptcy case is converted to a case under Chapter 7, § 726(b) creates another priority scheme for administrative claims:

> Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), (8), (9), or (10) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, *except that in a case that has been converted to this chapter under section 1112*, 1208, or 1307 of this title, *a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title....*

11 U.S.C. § 726(b) (emphasis added).

In other words, any § 503(b) administrative claim arising in the Chapter 7 case shall have priority over any § 503(b) claim arising in the pre-conversion case. However, § 726(b) does not reference § 364(c)(1) at all. Since super-priority claims granted under § 364(c)(1) are not administrative claims under § 503(b) – in fact, they are a special category of claims with priority over § 503(b) administrative claims – § 726(b) does not trump the super priority granted to § 364(c)(1) claims.

The Eighth Circuit Bankruptcy Appellate Panel followed this interpretation in *Vafer Inv. Group, L.L.C. v. Case (In re Visionaire Corp.),* 299 B.R. 530 (B.A.P. 8th Cir. 2003). In that case, the bankruptcy court held that post-conversion Chapter 7 administrative expense claims had priority over § 364(c)(1) super-priority claims. The B.A.P. reversed in part, holding that the creditor's § 364(c)(1) claim pursuant to an interim order of the bankruptcy court had priority over any post-conversion administrative expense claims. *Id.* at 535.[3] *See also In re National Litho, LLC,* Case No. 12-27566-LMI, 2013 WL 2303786, at *3 (Bankr. S.D. Fla. May 24, 2013) (holding that the Bankruptcy Code is clear – "the fact of conversion itself has no impact on the priority of the § 364(c)(1) claim over all § 503(b) claims whenever or however created.") (footnote omitted).

The court also rejects the argument that the policy objectives of § 726(b) should outweigh those of § 364(c)(1). As the court in *National Litho* held, where the Bankruptcy Code is unambiguous, a bankruptcy court may not rely on policy arguments to vary the Code's plain language. *Id.* at *4 (citing *Bracewell v. Kelley (In re Bracewell),* 454 F. 3d 1234, 1240-1241 (11th Cir. 2006)).

Finally, the court rejects any attempt by Hansen's to assert a lien on any property of the bankruptcy estate to support its § 364(c)(1) claim. The caption of the Amended Motion filed by

---

[3]*Visionaire* involved additional issues with regard to notice and a final order that are not involved here.

-3-

Happy Jack's did include the words "and to grant lien." However, paragraph 5 of the Amended Motion states that even though Hansen's wanted its obligations to be secured by a deed of trust, Debtor informed Hansen's "that it would not be able to secure that obligation." There is no reference to a lien in the prayer of the amended motion, no property subject to a lien was ever identified,[4] and no order granting such a lien was ever entered.

### *Conclusion*

THEREFORE, IT IS ORDERED: (i) Hansen's Petroleum Products, Inc.'s super-priority claim under § 364(c)(1) shall have priority over all § 503(b) claims whenever and however created and (ii) the claim of Hansen Petroleum Products, Inc. under § 364(c)(1) is an unsecured claim. This is not a final order for purposes of appeal as additional issues remain in this contested matter. The Clerk shall schedule a status conference with the parties.

DATED: November 7, 2018.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the court:
  *Douglas Quinn
  Philip Kelly, Trustee
  James Overcash
  Robert Reynolds
  Michael Samuelson
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[4] There is a reference in paragraph 7 of the amended motion to an objection by Western Terminal Transportation to an earlier version of the motion concerning whether fuel supplied by Hansen's to pre-paid fuel customers would qualify for super priority. Paragraph 8 of the amended motion states that Debtor and Western reached a stipulation whereby they "agreed that any super priority lien which attaches to fuel supplied by Hansen's shall only attach for the supply of fuel that will be sold by the Debtor to customers for a contemporaneous fair-value payment from the customers." It is not clear to the court whether that reference to "lien" was simply an error, or whether Hansen's was supposed to also receive a lien on the fuel that it supplied. In any event, the court does not believe there is any pending dispute with respect to a lien on fuel.