IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

HAPPY JACK'S PETROLEUM, INC.

Debtor(s).

CASE NO. BK16-41395-TLS

CHAPTER 7

**ORDER**

      This matter comes before the Court on the motion of Hansen's Petroleum Products ("Hansen's") for leave to pursue a surcharge under 11 U.S.C. § 506(c) against the collateral of secured creditor Adams Bank & Trust (Fil. #301). Adams Bank filed a resistance (Fil. #307), a part of which asserted that Hansen's does not have standing to pursue a surcharge claim under § 506(c). Hansen's is represented by Douglas E. Quinn and Robert Reynolds represents Adams Bank & Trust.

      A hearing was held on the motion on April 3, 2019. At the hearing, the parties agreed that the Court should first address the question of whether Hansen's has standing, as its resolution could be dispositive of the remaining issues. The parties have now filed briefs and the issue is ready for decision. For the reasons that follow, Hansen's motion for leave to pursue surcharge is denied for lack of standing.

*Background*

      The facts applicable to this issue are undisputed. Happy Jack's filed this Chapter 11 case on September 16, 2016. Subsequently, Happy Jack's filed a motion entitled "AMENDED MOTION BY DEBTOR FOR AUTHORITY TO INCUR DEBT WITH ADMINISTRATIVE EXPENSE PRIORITY OVER OTHER ADMINISTRATIVE EXPENSES (SUPER-PRIORITY) PURSUANT TO 11 U.S.C. §364(c)(1) AND TO GRANT LIEN" (Fil. #49). The stated purpose of the motion was to allow Happy Jack's to continue to obtain fuel on credit from Hansen's to sell to its customers. The amended motion was unopposed after notice and opportunity to object, and a text order (Fil. #55) was entered granting the amended motion.

      On July 24, 2017, Happy Jack's filed a motion to convert the Chapter 11 case to Chapter 7 (Fil. #103). The motion to convert case was unopposed and the bankruptcy case was converted to Chapter 7 on September 5, 2017 (Fil. #126). Phil Kelly was appointed Chapter 7 trustee.

      On November 17, 2017, Hansen's filed an application for payment of its super-priority expense claim. Objections were filed by the Chapter 7 trustee, Adams Bank & Trust, Great Western Enterprises and Western Terminal Transportation. Trial was scheduled to take place on November 6, 2018. However, the trial was continued because on September 20, 2018, the parties

filed a stipulation (Fil. #279) agreeing to bifurcate the legal issue regarding the effect of the order granting super priority to the claim of Hansen's Petroleum Products.

On November 7, 2018, this Court issued its order determining that pursuant to its Order at Fil. #55 (granting debtor's motion at Fil. #49), Hansen's has an unsecured super-priority claim under § 364(c)(1) for the post-petition provision of fuel on credit, which claim has priority over all § 503(b) claims whenever and however created. The remaining issues regarding the amount of the lien were to be set for trial.

However, instead of pursuing a trial on the amount of Hansen's claim, Hansen's filed its motion for leave to pursue a surcharge under 11 U.S.C. § 506(c) against the collateral of secured creditor Adams Bank & Trust (Fil. #301). Then, rather than pursue all issues related to that motion, the parties again agreed to bifurcate the motion and have asked the Court to determine only one issue – that is, whether Hansen's has standing to pursue a surcharge under 11 U.S.C. § 506(c).

### *Discussion*

11 U.S.C. § 506(c) states that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim . . . ." On its face, the statute limits its availability to "the trustee," and Adams Bank asserts that Hansen's does not have standing to pursue a surcharge under the statute.

In *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000), the United States Supreme Court was tasked with deciding whether Hartford, as an administrative claimant who was owed money for post-petition insurance premiums, was a proper party to seek recovery under § 506(c). In determining that it was not, the Court stated:

> In answering this question, we begin with the understanding that Congress "says in a statute what it means and means in a statute what it says there," *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992). As we have previously noted in construing another provision of § 506, when "the statute's language is plain, 'the sole function of the courts'" – at least where the disposition required by the text is not absurd – "'is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917)). Here, the statute appears quite plain in specifying who may use § 506(c) – "[t]he trustee." It is true, however, as petitioner notes, that all this actually "says" is that the trustee may seek recovery under the section, not that others may not. The question thus becomes whether it is a proper inference that the trustee is the only party empowered to invoke the provision. We have little difficulty answering yes.

*Id.* at 6.

The United States Supreme Court's proclamation is clear – only the trustee may use § 506(c). Because Hansen's is not a trustee, it may not directly pursue a surcharge. However, the Eighth Circuit Court of Appeals has held that creditors may have derivative standing to pursue a cause of action entrusted to the bankruptcy trustee when the trustee "is unable or unwilling to do so." *In re M & S Grading, Inc.*, 541 F.3d 859, 866 (8th Cir. 2008) (citing *PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.),* 540 F.3d 892, 898 (8th Cir. 2008)).

To establish derivative standing, a creditor must show: (1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims. To satisfy its burden, the creditor, at a minimum, must provide the bankruptcy court with *specific* reasons why it believes the trustee's refusal is unjustified.'' *Id.* (cleaned up).

Factors (1) and (3) are certainly undisputed. Whether Hansen's has met its burden with respect to factors (2) and (4) is disputed. In particular, Adams Bank argues that Hansen's has failed to provide any evidence that the trustee's refusal to pursue the surcharge was unjustified. In *M&S Grading,* the bankruptcy court found that the trustee decided not to pursue the claim after carefully considering it and concluding that pursuing the claim was not in the best interest of the estate – not because he was unable or unwilling to do so. *Id.* The Court of Appeals found that the bankruptcy court did not abuse its discretion by so holding.

In an early decision discussing derivative standing in the context of avoidance actions, the 8th Circuit established a general rule that, "[a]bsent evidence that the trustee cannot be relied upon to assert [avoidance actions], claims to avoid preferential transfers may not be brought by creditors." *Nangle v. Lauer (In re Lauer),* 98 F.3d 378, 388 (8th Cir. 1996).

In *Racing Services*, the Eighth Circuit gave some guidance as to what a creditor must do to persuade a bankruptcy court that the trustee unjustifiably refuses to bring a claim. As a threshold matter, the creditor must provide *specific* reasons as to why it believes the trustee's refusal is unjustified. 540 F.3d at 900. A naked assertion that the refusal was unjustified is not enough. *Id.* Once that burden is met, the reasons must be evaluated by the bankruptcy court.

> We hesitate to speculate, however, on the type of factual showing that would demonstrate a trustee unjustifiably refuses to pursue a creditor's claims. Our inability to do so stems from the fact that the circumstances which make a trustee's decision unjustified in one bankruptcy may not necessarily support the same conclusion in another. But we also believe the universe of circumstances in which the trustee's refusal to bring a creditor's claims is unjustified to be somewhat limited.

*Id.* The Eighth Circuit went on to recognize that a difficult decision may arise when – as here – the creditor offers to bear the expense of the litigation. *Id.*

However, the unique facts here make that decision less difficult. It is undisputed that Hansen's has been paid for all fuel supplied during the Chapter 7 portion of this case. Previously, during the Chapter 11 portion of this case, Hansen's agreed to provide fuel to the debtor on an unsecured basis in exchange for a super-priority claim under § 364(c)(1). It did so voluntarily and, as noted in this Court's Order of November 7, 2018 (Fil, #287), after Debtor expressly advised Hansen's that it could not secure the obligation to pay. Hansen's took a risk that the reorganization would be successful. It was not. As such, Hansen's cannot now come back and secure its obligation through the back door with a surcharge request.

It is also important to note that Hansen's has not provided any evidence that its claims are colorable or that the trustee's refusal to pursue the surcharge claims was unjustified. This Court is without any facts one way or the other as to whether the provision of fuel by Hansen's during the Chapter 11 was a benefit to the estate. Sure, it meant that debtor had more fuel to sell post-petition and stayed in business for a period of time. However, there is no evidence as to whether that resulted in any net benefit to the estate as there were also operating expenses.

Hansen's argument that the trustee was unjustified in his refusal is based on two factors – (i) the trustee did not give any reasons for refusing; and (ii) Hansen's was willing to fund the litigation. As previously indicated, Hansen's has the burden of showing that the trustee's decision was not justified – the trustee has no such burden and did not weigh in on this motion. The mere willingness of Hansen's to fund the litigation is not a substitute for the exercise of the trustee's fiduciary duties. The Eighth Circuit Court of Appeals was careful to warn that by allowing creditors to "obtain derivative standing too readily, they could usurp the central role that the trustee or debtor-in-possession plays as the representative of the estate. *Racing Services,* 540 F. 3d at 900-01 (cleaned up).

## *Conclusion*

For the foregoing reasons, Hansen's has not met its burden to show that it has standing to pursue this motion under 11 U.S.C. § 506(c). Therefore, the motion is denied.

Dated: May 28, 2019.

                                          BY THE COURT:

                                          /s/Thomas L. Saladino
                                          Chief Judge

Copies provided by the court to:
Douglas E. Quinn
Philip M. Kelly
James A. Overcash
United States Trustee